IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN BROWN, | |
| Plaintiff, | **8:25CV383** |
| vs. | |
| ROB JEFFREYS, Director of Nebraska Department of Correctional Services and Others; LOVELACE, Dr., MOD Director; PANTER, Cpl;  DAWES, Sgt.;  ASHLEY, Nurse (Doe); ALLISON STARK, APRN; BRITTANY JUNGWIRTH, and  GABLE, Warden, RTC-1; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff Marvin Brown's Complaint filed on June 9, 2025. Filing No. 1. Plaintiff is currently incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. SUMMARY OF COMPLAINT

Plaintiff sued Rob Jeffreys, Director of Nebraska Department of Correctional Services; Dr. Lovelace, MOD Director; Corporal Panter, Sergeant Dawes; Nurse Ashley; Allison Stark, APRN; Brittany Jungwirth, and Warden Gable. Plaintiff alleges the following as his "Statement of Claim":

When Plaintiff arrived at the RTC on April 8, 2025, he informed the medical staff that he had a history of seizures, passing out, and degenerative

joint disease. He was assigned a cane and knee braces, prescribed Gabapentin for pain, and assigned a top tier level cell. Filing No. 1 at 3.

On the morning of April 10, 2025, Plaintiff was scheduled to go to medical for lab work. As he was descending the stairs, he lost consciousness and fell down a flight of stairs. When he roused, Panter was managing the Unit and called for a wheelchair so he could be escorted to medical for his lab draw. Panter told no one Plaintiff had fallen and did not call for an Emergency Response Team (ERT). When Plaintiff reached the medical area, he told the nurse he had fallen down the stairs. The nurse refused to provide treatment for his fall, questioned why ERT was not called, and contacted Panter for an explanation. Panter responded, "He didn't appear to be hurt." Filing No. 1 at 4.

On April 11, 2025, Plaintiff told the medical staff that he had Guillain–Barré Syndrome with a history of passing out. On April 16, 2025, the RTC Medical Department issued a bottom tier pass, concluding Plaintiff should not be housed on the top tier any longer. Filing No. 1 at 4.

On April 17, 2025, between 10 a.m. and noon, Plaintiff was escorted to Admissions. Plaintiff was placed in a body scanner, stripped of clothing, and placed in a dry cell with no food, water, bedding, or mattress. He was forced to defecate while there and fainted once more. Plaintiff was issued an anti-suicide "turtle suit," passed out again, and since the medical personnel refused to provide cold water, he had to use toilet water to calm the painful tingling in his legs due to Guillain–Barré Syndrome. Filing No. 1 at 4-5.

Plaintiff filed grievances on April 19, 23, and 29, 2025. The grievances were not answered. On May 5, 2025, he was X-rayed, and the medical staff discovered a wrist fracture from his prior fall. Plaintiff filed another grievance

2

on May 8, 2025. Plaintiff was again moved to the bottom housing tier on May 16, 2025. Filing No. 1 at 5.

Plaintiff's complaint does not state whether he is suing the defendants in their official or individual capacities. Plaintiff demands an award of damages, changes to cell assignment policies and procedures for persons with disabilities, and a public apology. He further requests appointment of counsel.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. §§ 1915(e)(2) and 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal

3

nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983, arguing the defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999). As discussed below, upon review of Plaintiff's allegations, his claims against the defendants will be dismissed for failure to state a claim.

Plaintiff has not indicated whether he is suing the defendants in their official or individual capacities. If the complaint does not clearly specify whether a defendant is sued in an official or individual capacity, the Court applies the "course of proceedings" test: The fundamental question is whether the course of proceedings puts defendants on notice that they are being sued in their individual capacity and that their personal liability is at stake. *S.A.A. v. Geisler,* 127 F.4th 1133, 1139 (8th Cir. 2025). The inquiry is whether the plaintiff's intention to hold a defendant personally liable can be fairly ascertained by reading the complaint. *Id.*

Here, Plaintiff's complaint requests damages and a public apology, but of the several defendants listed in his caption, only Panter is identified in the body of his complaint. Plaintiff's allegations are focused on failure to provide

4

medical care, not on Panter's alleged failure to summon an ERT team to bring Plaintiff to the medical department. The plaintiff has not stated any individual capacity claims because he has not alleged what any of these individuals did to deny him medical care. Under these facts, the Court finds Plaintiff has filed only official capacity claims.

## A. Official Capacity Claims

The defendants are all state employees. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Campbell v. State of Iowa, Third Jud. Dist. Dept. of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against Jeffreys, Lovelace, Panter, Dawes, Ashley, Stark, Jungwirth, and Gable, in their official capacities, are claims against the State of Nebraska.

Plaintiff prays for changes to the policies and procedures for cell assignments for persons with disabilities. A plaintiff can sue state officials in their official capacities for prospective injunctive relief. *See Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001) (citing *Ex parte Young,* 209 U.S. 123 (1908)). But to the extent Plaintiff is raising such a claim, it's moot: Plaintiff alleges that he has, as of the filing of his complaint, been issued a "bottom tier pass" because of his impairment and placed in a bottom tier. An injunction would have no effect on him. *See id.* at 346.

Plaintiff also demands an apology. This remedy cannot be ordered by the Court in a case under 42 U.S.C. § 1983.

Plaintiff primarily demands an award of damages. States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989). Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State*

5

*Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding suit brought solely against state or state agency is proscribed by Eleventh Amendment). And the Eleventh Amendment bars claims for damages by private parties against state employees sued in their official capacities, such as Brininstool, Thomas, Ali, and Hinzman. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Novascone v. Neb. Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at \*2 (D. Neb. Nov. 25, 2019) (dismissing section 1983 suit for money damages against the NDCS director, in his official capacity, under Eleventh Amendment); *Reising v. Lewien*, No. 8:18CV352, 2019 WL 1585142, at \*3 (D. Neb. Apr. 12, 2019) (holding 1983 suit for money damages against unit administrator of CCC and OCC warden, in their official capacities, was barred by the Eleventh Amendment).

Therefore, Plaintiff's claims for money damages against Jeffreys, Lovelace, Panter, Dawes, Ashley, Stark, Jungwirth, and Gable, in their official capacities must be dismissed as barred by the Eleventh Amendment.

**B. Request for Appointment of Counsel**

Plaintiff requests appointed counsel. Filing No. 1 at 8. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony."

*Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. This is a relatively straightforward medical deliberate indifference case, for which there is ample legal authority. The facts are also uncomplicated and should be readily discoverable. Plaintiff has demonstrated an ability to present his claims, at least through the initial stage of the litigation. Plaintiff's pro se filings are generally well-written, and he has complied with the Court's directives. Although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and the defendant's version of events, as well as a credibility assessment of witnesses if the case proceeds to trial, it has not yet progressed to that stage. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 F. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Plaintiff's claims against

Jeffreys, Lovelace, Panter, Dawes. Ashley, Stark, Jungwirth, and Gable, in their official capacities, must be dismissed as barred by Eleventh Amendment immunity. Plaintiff will, however, be permitted to file an amended complaint.

Accordingly,

IT IS ORDERED

1.     Plaintiff shall have until **November 10, 2025**, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendants' actions harmed him.

2.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.     The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4.     The Clerk of Court is directed to set a pro se case management deadline using the following text: "**November 10, 2025**: check for amended complaint."

5.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his

current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 9th day of October, 2025.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge