IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN BROWN, | |
| Plaintiff, | **8:25CV383** |
| vs. | |
| ROB JEFFREYS, Director of Nebraska Department of Correctional Services; JERRY LOVELACE, DR., Medical Director of NDCS; CARLY PANTER, Corporal ("CPL") of ("R.T.C. #1"); DAWES, (Doe) Sargent ("Sgt") of ("R.T.C. #1"); ASHLEY, (Doe); ("A.P.R.N.") of (R.T.C. #1); JUGWIRTH BRITTANY, ("A.P.RN") of ("R.T.C. #1"); CRAIGE GABLE, Warden of Reception and Treatment Center #1 ("R.T.C."); STEINBECK, (Doe); Lieutenant of ("R.T.C. #1"); and NEBRASKA DEPT. OF CORR. SERV., Defendants. | **MEMORANDUM AND ORDER** |

Plaintiff filed an amended complaint on December 18, 2025. Filing No. 11. He is currently incarcerated within the Omaha Correctional Center (OCC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or

any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v.*

2

*Sorema N.A.,* 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), abrogated in part on other grounds by *Twombly,* 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez,* 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

## II. SUMMARY OF COMPLAINT

Plaintiff's amended complaint alleges as follows.

On April 8, 2025, during Plaintiff's intake interview at the Reception and Treatment Center (RTC) of NDCS, Plaintiff informed Brittany that he had a medical history of restrictions due to degenerative joint disease and recent episodes of passing out. His stated medical restrictions included no top tier living space or cell assignment and no top bunk assignments, and the need to use knee braces, a walking stick or cane, and heel gel pads. Filing 11 at 24, 29.

Despite the information provided to Brittany, and Plaintiff's documented history of restrictions, Steinbeck assigned Plaintiff to top-tier living quarters. Filing 11 at 25, 31. On April 10, 2025, Brown fell down a flight of stairs. Panter saw this incident but did not inform the Emergency Response Team (ERT) because Plaintiff did not appear to be hurt. Filing 11 at 27, 31, 33. Plaintiff was having difficulty maintaining his balance, and Dawes arrived with a wheelchair and escorted Brown to the medical department for an unrelated

3

appointment. Although Dawes did not tell the medical department about Plaintiff's fall, Filing 11 at 28, Plaintiff did. He reported the pain in his left hand and the left side of his head to the medical staff, but he was not treated because an ERT had not been called. Filing 11 at 31.

On April 14, 2025, Stark provided care to Plaintiff. On April 17, 2025, Stark again saw Plaintiff after an episode of passing out. Stark commented that Plaintiff was faking it and refused to provide medical treatment or an ice pack for Plaintiff's pain. Filing 11 at 29, 31. But Plaintiff's left wrist was X-rayed on April 17, 2025, and found to be fractured. It was stabilized in a splint cast. Filing 11 at 35. Over time, the splint cast developed a foul smell, but RTC would not change it for weeks. Filing 11 at 35. When it was changed, Plaintiff's entire left arm and left wrist became numb and tingled periodically for the remainder of the week. Filing 11 at 36.

Plaintiff's cervical spine was also injured in the fall on April 10, 2025, and RTC later discovered Plaintiff's 6th cervical vertebra was damaged. Filing 11 at 27, 33, 36. Plaintiff continues to experience crepitus when he turns his neck side-to-side, and he sees doctors from outside sources to determine why he cannot fully turn his neck. Filing 11 at 37. Plaintiff continues to receive medications and attend doctor's appointments in search of a solution or diagnosis for his neck injury. Filing 11 at 37.

Brown continued to be housed on the top-tier at RTC until he was transferred to OCC on May 15, 2025. Filing 11 at 33, 35. When that transfer occurred, instead of replacing his foul-smelling splint, OCC modified it by removing the fabric that cushioned his wrist, causing his entire arm to hurt and go numb periodically. Filing 11 at 36. When he arrived at OCC, he was assigned to a top tier cell. Filing 11 at 35.

Plaintiff demands an award of damages. Filing 11 at 8.

## III. ANALYSIS

Plaintiff sues the Nebraska Department of Correctional Services (NDCS), and Rob Jeffreys, Director of NDCS; Jerry Lovelace, M.D., Medical Director of NDCS; Carly Panter, RTC Corporal; Dawes, RTC Sergeant; Ashley, RTC APRN; Jugwirth Brittany, RTC APRN; Craige Gable, RTC Warden; and Steinbeck, RTC Lieutenant, all in their individual capacities.

### A. NDCS

Plaintiff has filed a suit for damages against NDCS. States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment).

Plaintiff's claim for recovery against NDCS is barred by Eleventh Amendment immunity.

### B. Supervisory Personnel

Plaintiff sues Rob Jeffreys, Director of NDCS; Jerry Lovelace, M.D., Medical Director of NDCS; and Craige Gable, RTC Warden, in their individual capacities. The amended complaint contains no allegations against these defendants, other than claiming they are responsible for the conduct of the prison employees working under their supervision.

However, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct

responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Supervisors can incur liability only for their personal involvement in a constitutional violation, or when their collective inaction amounts to deliberate indifference to or tacit authorization of violative practices. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Plaintiff's complaint contains no allegations of such conduct by Jeffreys, Lovelace, and Gable. Plaintiff has failed to state a § 1983 claim against these defendants.

### C. Steinbeck

Plaintiff claims his assignment to a top tier cell, which necessitated navigating stairs, violated his constitutional rights. A prisoner claiming conditions of confinement violated the Eighth Amendment must satisfy both the objective and subjective elements of the claim. *Richardson v. Duncan*, 117 F.4th 1025, 1028 (8th Cir. 2024). He must allege facts to support a finding that the plaintiff was subjected to circumstances which, when viewed objectively, were serious enough to deprive the prisoner of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that "cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id*. As to the subjective element, the plaintiff must allege facts showing the defendants acted with deliberate indifference; that they knew of and disregarded an excessive risk to the inmate's health and safety. *Thomas-El v. Francis*, 99 F.4th 1115, 1117 (8th Cir. 2024).

Liberally construed, Plaintiff alleges that based on his limitations in lower leg mobility, and his tendency to pass out or lose balance, he was medically restricted to a lower tier assignment. He alleges he reported these restrictions to the medical staff who, in turn, conveyed them to Steinbeck. Plaintiff claims that although Steinbeck was aware of Plaintiff's medical restrictions, he assigned Plaintiff to upper tier housing, requiring Plaintiff to

climb up and down concrete steps. He alleges that because of the top-tier housing assignment, he fell down a flight of concrete stairs and suffered wrist and neck injuries. Considered liberally, these allegations are sufficient to allege Steinbeck subjectively disregarded Plaintiff's health and safety and deliberately placed Plaintiff in a housing location which, considered objectively, was dangerous given Plaintiff's medical condition and restrictions.

Considering these allegations as true, and liberally construing them, Plaintiff has stated an Eighth Amendment claim against Steinbeck, in his individual capacity.

### D. Panter and Dawes

Panter allegedly saw Plaintiff fall down the stairs, and Dawes then arrived with a wheelchair to transport Plaintiff to the medical department. Liberally construed, Plaintiff claims Panter should have called for an ERT and Dawes should have told the medical department that Plaintiff was injured by falling down the stairs.

Not every fall results in injury, and there are no facts indicating that Plaintiff was visibly injured or in obvious need of medical treatment following the fall. At most, Panter was negligent in failing to contact an ERT to respond to Plaintiff's fall down the stairs. Plaintiff has failed to allege a § 1983 claim against Panter.

As to Dawes, the most Plaintiff alleges is that when he and Dawes arrived at the medical department, Dawes did not corroborate Plaintiff's self-report that he fell down the stairs. There is nothing to indicate Dawes saw the fall, and no reason to believe the medical department needed to be told twice. Plaintiff has failed to state a claim for recovery against Dawes.

### E. Medical Staff

Plaintiff alleges Ashley and Brittany, APRNs in the RTC medical department, failed to adequately diagnose and treat his injuries. When

7

alleging a deprivation of medical care, the inmate must show (1) an objectively serious medical need and that (2) the defendants knew of the medical need but were deliberately indifferent to it. *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Jones v. Minnesota Dep't of Corrections*, 512 F.3d 478, 481–82 (8th Cir. 2008); *Albertson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 808–09 (8th Cir. 2006). A medical need is objectively serious "if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Hancock v. Arnott*, 39 F.4th 482, 486 (8th Cir. 2022) (quoting *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017). The effects of delayed treatment are considered when evaluating the existence of an objectively serious medical need. *Id*. As to the subjective element, the Plaintiff must plead that each defendant acted with a sufficiently culpable state of mind. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). A plaintiff must show a prison official knew of and disregarded the objectively serious medical need. *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002).

There are no allegations indicating that Ashley and Brittany knew Plaintiff had objectively serious wrist and cervical injuries on the day he fell or that they deliberately disregarded Plaintiff's report of serious pain or injury. But when Plaintiff's discomfort did not subside during the week following the fall, the medical department X-rayed Plaintiff's wrist, a fracture was discovered, and it was treated with a splint. The fact that over time, the splint caused discomfort and smelled is not unusual, much less an Eighth Amendment violation. As to Plaintiff's neck injuries, while those injuries have not been diagnosed, Plaintiff has received ongoing medical care from both in-house and outside medical providers to find a solution.

Plaintiff's allegations do not support a claim that Ashley and Brittany were deliberately indifferent to Plaintiff's medical needs or that their conduct caused or exacerbated Plaintiff's injuries. Plaintiff has failed to state a claim against Ashley and Brittany, in their individual capacities.

### F. Appointment of Counsel

Plaintiff requests appointed counsel. Filing 12. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no current need to appoint counsel. Plaintiff's claim is not complex. As such, Plaintiff's motion for appointment of counsel will be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing the allegations in Plaintiff's amended complaint, the Court finds Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against NDCS, and against Jeffreys, Lovelace, Panter, Dawes, Ashley, Brittany, and Gable, all in their individual capacities. Plaintiff's amended complaint states a § 1983 claim against Steinbeck, in his individual capacity.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for appointment of counsel, Filing 12, is denied.

2. Only Plaintiff's Eighth Amendment claim against Lieutenant Steinbeck, in his individual capacity, may proceed.

3. Plaintiff's claims against the Nebraska Department of Correctional Services (NDCS), and Rob Jeffreys, Director of NDCS; Jerry Lovelace, M.D., Medical Director of NDCS; Carly Panter, RTC Corporal; Dawes, RTC Sergeant; Ashley, RTC APRN; Jugwirth Brittany, RTC APRN; and Craige Gable, RTC Warden; in their individual capacities, are dismissed.

4. The Clerk of Court is directed to terminate Nebraska Department of Correctional Services (NDCS), and Rob Jeffreys, Director of NDCS; Jerry Lovelace, M.D., Medical Director of NDCS; Carly Panter, RTC Corporal; Dawes, RTC Sergeant; Ashley, RTC APRN; Jugwirth Brittany, RTC APRN; and Craige Gable, RTC Warden, as defendants in this case. The Clerk of Court is further directed to update the caption to reflect that "Lieutenant Steinbeck, in his individual capacity," is the sole defendant.

5. For service of process on Lieutenant Steinbeck, in his individual capacity, the Clerk of Court is directed to complete two sets of summons and USM-285 forms for Lieutenant Steinbeck. The service address for the first set of forms is:

Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509.

The service address for the second set of forms is:

Reception and Treatment Center
3218 W Van Dorn St.
PO Box 22800
Lincoln, NE 68542-2800.

6.    The Clerk of the Court shall forward the summons forms and USM-285 forms together with copies of the amended complaint, Filing 11, and this Memorandum and Order to the United States Marshals Service.

7.    The Marshals Service shall serve Lieutenant Steinbeck, in his individual capacity by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

8.    The Marshals Service shall serve Lieutenant Steinbeck, in his individual capacity, by certified mail or other authorized method of service at the Reception and Treatment Center address shown above. *See* Federal Rule

11

of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

9.   For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

10.   The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

11.   Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Lieutenant Steinbeck.

12.   Plaintiff is hereby notified that failure to obtain service of process on Lieutenant Steinbeck within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

13.    The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: June 26, 2026: service of process to be completed.

14.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 30th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge