IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVIN BROWN,

Plaintiff,

vs.

STEINBECK, (Doe); Liuetanant of ("R.T.C. #1");

Defendant.

**8:25CV383**

**MEMORANDUM AND ORDER**

This matter is before the Court on two filings by Plaintiff Marvin Brown. On April 28, 2026, Plaintiff filed what he captioned an "Affidavit in Support of Brief" at Filing No. 19, which is dated April 26, 2026, and appears to contain arguments and evidence in support of Plaintiff's claims in his Amended Complaint, Filing No. 11. On May 12, 2026, Plaintiff filed a "Response and Answer to Defendant's Answer, Refer to & Contained in Previous Plaintiff's Affidavit in Support of Brief Submitted April 26, 2026," at Filing No. 20, in which he essentially seeks to clarify that Filing No. 19 is intended as a response to Defendant's Answer. For ease of reference, the Court shall refer to Filing No. 19 as Plaintiff's "Response."

Plaintiff's Response is not one of the pleadings allowed under the Federal Rules of Civil Procedure as the Court did not order Plaintiff to reply to Defendant's Answer. Fed. R. Civ. P. 7(a). The Court will not construe the Response as a motion to amend the complaint, but Plaintiff may repeat and incorporate the arguments made in the Response if Defendant moves for summary judgment.

In his Response, Plaintiff also included what appears to be a request for discovery. Filing No. 19 at 6. As a preliminary matter, discovery requests and responses must be served directly upon the opposing party.[1] *See* Fed. R. Civ. P. 33-36. The Court's local rules further specify that discovery materials "must not be filed until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a). As such, to the extent Plaintiff seeks discovery or the Court's assistance with discovery, Plaintiff's request is an unauthorized filing and is denied without prejudice.

Additionally, Plaintiff's discovery request is premature as the Court's local rules provide that in pro se cases, after the defendant files an answer, "the court will issue an 'Order Setting Schedule for Progression of Case' addressing discovery and other issues. No discovery may take place until this progression order is entered except upon motion and order." NECivR 16.1(c) (emphasis added). Here, the Court has not entered a progression order. Thus, no discovery may take place at this time. *See Brown v. Dep't of Health & Human Servs.*, No. 8:16CV377, 2017 WL 1533386, at *3 (D. Neb. Apr. 26, 2017) ("[D]efendants should not have served any discovery requests until the progression order was entered...."). After the Court enters a progression order, Plaintiff may directly serve his discovery requests on Defendant.

IT IS THEREFORE ORDERED that: Plaintiff's request for discovery contained in his Response, Filing No. 19, is denied without prejudice, and no action will be taken on Plaintiff's Response at is not an authorized filing.

---

[1] The Court notes that discovery documents filed with the Court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure.

Dated this 15th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge