IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>STEINBECK, (Doe); Lieutenant of ("R.T.C. #1");<br><br>Defendant. | **8:25CV383**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on two discovery-related motions, Filing No. 23; Filing No. 29, two motions for entry of a default judgment, Filing No. 34; Filing No. 35, two motions for counsel, Filing No. 25, Filing No. 39, and a motion for status, Filing No. 32, filed by Plaintiff. Plaintiff's motion for status is granted and this Memorandum and Order serves to advise Plaintiff of the status of this case. The Court will address the remaining motions in turn.

## I. DISCOVERY MOTIONS

On May 28, 2026, Plaintiff filed a motion seeking an extension of the June 16, 2026, deadline to complete written discovery due to his need to obtain additional documents from the court clerk.[1] Filing No. 23. On June 15, 2026, Plaintiff filed with the Court copies of his requests for written discovery he served on Defendant. *See* Filing No. 26; Filing No. 27; Filing No. 28. On July 16, 2026, counsel for Defendant filed a certificate of service and certified that he served Defendant's discovery responses and objections on Plaintiff. Filing No. 31. Upon consideration, and in light of the circumstances, the Court will

[1] The additional documents Plaintiff sought appears to be a copy of his amended complaint. *See* Filing No. 24 (letter requesting copy of amended complaint with clerk's response).

grant Plaintiff's motion for an extension and extend the deadline for completing written discovery to July 16, 2026, to coincide with the date Defendant served his discovery responses on Plaintiff.

On June 15, 2026, Plaintiff also filed a "Request for Subpoenas," which the Court construes as a motion for a subpoena pursuant to Federal Rule of Civil Procedure 45. Filing No. 29. The subpoena request is directed to Defendant and purports to command Defendant to appear in this Court to testify at an unspecified date and time. The lack of a specified time for Defendant to appear fails to satisfy the form requirements for a subpoena in Rule 45(a)(1)(A). Moreover, as no hearing or trial date has been set in this case, Plaintiff's motion to subpoena Defendant is premature and will be denied without prejudice.

## II. MOTIONS FOR ENTRY OF DEFAULT

On July 29, 2026, Plaintiff filed two motions addressed to the Clerk of Court requesting entry of a default judgment and leave of the Court for entry of default judgment based on Defendant's alleged failure to respond to Plaintiff's discovery requests. Filing No. 34; Filing No. 35; *see also* Filing No. 37. Liberally construed, Plaintiff seeks a default judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure, which provides that a court may render default judgment against a party if that party willfully disobeys a discovery order, Fed. R. Civ. P. 37(b), or willfully fails to appear for his own deposition, answer interrogatories or requests for inspection of information, Fed. R. Civ. P. 37(d). *Chappell v. SRT Express, Inc.*, No. 5:24-CV-05068, 2026 WL 543829, at *1 (D.S.D. Jan. 13, 2026), *report and recommendation adopted,* No. 5:24-CV-05068, 2026 WL 540341 (D.S.D. Feb. 26, 2026).

Here, Defendant has not willfully failed to respond to Plaintiff's discovery requests as he served his responses on July 16, 2026. Filing No. 31.

Plaintiff also failed to show that he personally consulted with Defendant prior to filing his motion in an effort to obtain discovery responses without court intervention as required by the Court's local rule. NECivR 7.1(j); *see also* Fed. R. Civ. P. 37(d)(1)(B). Accordingly, Plaintiff's motions for entry of default judgment are denied.

**III. MOTIONS FOR APPOINTMENT OF COUNSEL**

Plaintiff renews his request for court-appointed counsel in two separate motions filed on June 12 and August 7, 2026, respectively. Filing No. 25; Filing No. 39. In support of his request, Plaintiff asserts his ability to litigate his claims is limited by his incarceration, specifically his limited access to the prison law library due to a modified schedule and the prison's online legal research terminal being unavailable due to technical problems. Filing No. 25. Plaintiff further contends his limited legal knowledge, his indigency and inability to obtain his own counsel, his inability to investigate or gather evidence, the complexity of the case, and the need to cross-examine witnesses warrant the appointment of counsel. Filing No. 39.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

First, as for the complexity factors, the Court finds that this is a relatively straightforward conditions of confinement case for which there is ample legal authority, much of which was outlined in the Court's initial review order, Filing No. 14.[2] *See Recca*, 859 F. App'x at 4. Plaintiff argues his case is complex because his Complaint "involves multiple persons, employees, and officers from several agencies that collectively harmed and continue to harm the Plaintiff," Filing No. 39 at 5 (capitalization and punctuation corrected), and he will require medical depositions and expert testimony to support his claims. However, Plaintiff's conditions of confinement claim is only proceeding against one defendant, Steinbeck, and is based on Steinbeck's decision to assign Plaintiff to a top tier in light of his known medical and mobility issues. *See* Filing No. 14 at 6. Plaintiff's claim does not suggest the need for the medical depositions and expert testimony Plaintiff indicates. As such, this factor does not weigh in favor of appointment.

Next, the record before the Court suggests that Plaintiff has the ability to investigate the facts and to present his claims, at least through the discovery and summary-judgment stages of the litigation. Plaintiff's pro se filings are generally well-written. *See Recca*, 859 F. App'x at 5 (citing *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013); *Nachtigall v. Class*, 48 F.3d 1076, 1082 (8th Cir. 1995)). Plaintiff filed copies of his discovery requests to defendants, Filing Nos. 26–28, and these filings reinforce the impression that Plaintiff is "capable of self-representation" through this stage of the litigation. *See Recca*, 859 F. App'x at 5 (quoting *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). Further reinforcing this impression, Plaintiff moved to extend the deadline for

[2] To the extent Plaintiff asserts his limited access to the prison law library and online legal research weigh in favor of appointing counsel, Plaintiff's own filings demonstrate that he is not without complete law library access or without any means of conducting legal research as the prison law library maintains print resources. Filing No. 25 at 4–5.

completing written discovery and served his discovery requests prior to the original deadline's expiration, "suggesting both an awareness of the procedural rules relevant to his case and an ability to comply with those rules to avoid inadvertently defaulting his claims." *Id.*

Lastly, as for the presence or absence of disputed testimony, although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and Defendant's version of events, as well as a credibility assessment of the parties if the case proceeds to trial, it has not yet progressed to that stage. *See Id*. "Thus, this factor does not weigh heavily in the analysis." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986) ("[T]he weight to be given any one factor will vary with the case."); *Rager v. Augustine*, 760 F. App'x 947, 949–50 (11th Cir. 2019) (per curiam) (discounting this factor where "the district court dismissed [the] claims at the summary judgment and dismissal stages, before any trial skills were necessary")).

As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See id.* (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). On this record and having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for status, Filing No. 32, is granted and this Memorandum and Order serves to advise Plaintiff of the status of this case.

2. Plaintiff's motion for extension of time, Filing No. 23, is granted, and the deadline for completing written discovery is extended to July 16, 2026, consistent with this Memorandum and Order. All other progression deadlines in the Order Setting Schedule for Progression of Case, Filing No. 22, remain the same.

3. Plaintiff's motion for a subpoena, Filing No. 29, is denied without prejudice as premature.

4. Plaintiff's motions for entry of a default judgment, Filing No. 34; Filing No. 35, are denied.

5. Plaintiff's motions for appointment of counsel, Filing No. 25; Filing No. 39, are denied without prejudice to reassertion.

6. The Clerk of Court is directed to update the caption to use the correct spelling of "Lieutenant" in Defendant's party name.

Dated this 17th day of August, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge